FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 4 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

FABIANA LOPEZ-ARGUELLES,

    Defendant/Movant

Civ. No. 05-0385 RB/RLP
Cr. No. ~~03-0274-RB~~

03-2574

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2255. On December 30, 2003 Ms. Lopez-Arguelles pled guilty to violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. *See* Plea Agreement, Exhibit 1 to Doc. 7. On April 26, 2005 Ms. Lopez-Arguelles was sentenced to 60 months' imprisonment. *See* Transcript of Sentencing Hearing, Exhibit 4 to Doc. 7. At that hearing she waived an evidentiary hearing on consideration of her safety-valve eligibility. *Id.* at 10-11. Judgment was entered on April 26, 2004 [Cr. Doc. 44].

2.     Ms. Lopez-Arguelles filed her Motion to Vacate, Set Aside or Correct Sentence, arguing that (1) counsel was ineffective for not explaining the consequences of her plea agreement; and (2) that *United States v. Blakely*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) should be applied to her case.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



3. Ms. Lopez-Arguelles' last contention will be addressed first. Both *Booker* and *Blakely* held that for the purposes of the Federal Sentencing Guidelines, the Sixth Amendment requires that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at --, 125 S.Ct. at 749; *Blakely*, 542 U.S. at --, 124 S.Ct. at 2537. In her plea hearing, Ms. Lopez-Arguelles pled guilty to carrying three bundles of cocaine which weighed approximately seven pounds. Exhibit 3 at 21. In any event, neither *Blakely* nor *Booker* had been decided when Ms. Lopez-Arguelles' conviction became final, and neither of those cases apply on collateral review. *See United States v. Price*, 400 F.3d 844 (10th Cir.) (*Blakely*), *cert. denied*, -- U.S. --, 2005 WL 3144122 (2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005) (*Booker*).

4. Ms. Lopez-Arguelles alleges she received ineffective assistance of counsel. The stated basis for this claim is that counsel never explained the consequences of the Plea Agreement, did not show her the Presentencing Report (PSR), Plea Agreement or any other documents prior to her signing the Plea Agreement, failed to file an appeal, and failed to rebut the amount of cocaine Ms. Lopez-Arguelles was carrying.

5. A defendant who pleads guilty and alleges ineffective assistance of counsel must show (1) that counsel's performance was defective and that, but for this defective performance, (2) the defendant would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

> Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of

> counsel, the voluntariness of the plea depends on whether counsel's advise "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). . . . [A] defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*."

474 U.S. at 56-57 (citation and parallel citations omitted).

6. Ms. Lopez-Arguelles signed the Plea Agreement, indicating that she had read and understood the terms therein. *See* Exhibit List [Doc. 7], Exhibit 1 thereto. Her counsel indicates that she and Ms. Lopez-Arguelles discussed the Plea Agreement's terms, the "safety valve" provisions included therein, the amount of cocaine Ms. Lopez-Arguelles was carrying; and that she was giving up the right to file an appeal. *Id.* at Exhibit 2.

7. The transcript of the plea hearing, *id.* at Exhibit 3, indicates that the Plea Agreement was read to Ms. Lopez-Arguelles in Spanish before she signed it. Exhibit 2 at 18. She stated she read and understood all of its terms. *Id.* She agreed with the Government's statement of facts, including the fact that she was carrying seven pounds of cocaine. *Id.* at 18-22.

8. Ms. Lopez-Arguelles' Plea Agreement provided for a two-point downward departure under the "safety-valve" provision of the Sentencing Guidelines, § 2D1.1(b)(6), 18 U.S.C. § 3553. The downward departure depended upon her truthful testimony about the criminal activity in which she was involved. The Government concluded she was not testifying truthfully and fully due to certain discrepancies in the record. Namely, as indicated by Ms. Lopez-Arguelles' counsel, her failure to identify a participant in the enterprise. Because of this failure, the district court sentenced Ms. Lopez-Arguelles to a

3

60 month term, rather than a lesser term under the "safety valve" provisions.

9. At the sentencing hearing counsel for Ms. Lopez-Arguelles told the court that the two of them had reviewed the PSR together. Exhibit 4 at 2. The Government stated that Ms. Lopez-Arguelles was not entitled to the "safety-valve" downward departure; defendant's counsel stated that Ms. Lopez-Arguelles stood by her statements to the government. *Id.* at 6. The court asked whether an evidentiary hearing should be held and defense counsel said that the defendant did not want additional testimony on the issue. *Id.* The court then questioned Ms. Lopez-Arguelles, who reiterated that position. *Id.* at 10-12.

10. Federal Rule of Criminal Procedure 32 requires that before imposing the sentence, the court shall:

> (A) determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report . . . (B) afford counsel for the defendant an opportunity to speak on behalf of the defendant; and (C) address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

Fed.R.Cr.P. 32.

11. In *United States v. Rangel-Arreoloa*, 991 F.2d 1519 (10th Cir. 1993), the court held that in the absence of specific questioning concerning the PSR, that rule would be satisfied if the sentencing court could draw reasonable inferences from the court records and the party's statements about whether the defendant and counsel had met and discussed the PSR.

12. Ms. Lopez-Arguelles claims that Rule 32 was violated, but the transcript of the sentencing hearing indicates that she and counsel discussed the PSR together, *see*

4

¶ 9, *supra*, and counsel's Affidavit indicates the same. *See* Exhibit 2 at 3. There is simply nothing in the record to support Ms. Lopez-Arguelles' version of events. Further, she has failed to show that even if she had not reviewed the PSR, she has suffered any prejudice. Accordingly, her claim of ineffective assistance of counsel is without merit.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge